IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELAINE SANDOVAL,

    Plaintiff,

vs.                                            No. 05 CV 100 ACT/RLP

TOMAS BENAVIDEZ, individually
and in his official capacity as the Assistant
Town Manager for the Town of Taos,
PATRICIA TRUJILLO, individually
and in her official capacity as the
Human Resources Director for the
Town of Taos, JOHN WENTZ, in his
official capacity as an Officer with the
Town of Taos Police Department, and
the TOWN OF TAOS, a municipality,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court on Defendants' combined Motion to Dismiss and Motion to Strike. (Doc. No. 5). Defendants ask this Court to strike the allegations contained in Paragraphs 87 and 88 of Count I or, in the alternative to dismiss Count I to the extent that it rests on these allegations. Having reviewed the pleadings and the relevant law, the Court finds that the Motion to Strike is not well taken and will be DENIED.

      Count I of Plaintiff's Complaint alleges a claim of gender sexual discrimination based on an alleged hostile work environment. The Complaint also contains other claims not relevant to

this Motion. Paragraph 87 contains examples of comments made to Plaintiff by one of the Defendants which would tend to support her claim that she was subject to a hostile work environment. Paragraph 88 contains allegations that a Defendant, her immediate supervisor, and the alleged harasser Defendant were having an affair which placed her in a quandary.

Fed. R. Civ. P. 12 (f) allows the Court, either on its own motion or on the motion of a party, to strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Motions to strike fall within the discretion of the Court and are rarely granted. Wright & Miller, Federal Practice and Procedure, Civil 3d §1380. As when considering a Fed. R. Civ. P. 12(b)(6) motion, when considering a Motion to Strike the Court accepts as true all well pleaded allegations in the Plaintiff's Complaint, draws all reasonable inferences in favor of the Plaintiff and resolves all doubts in favor of denying the motion to strike. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553-4 (D. Haw. 1998).

The allegations in Paragraph 87 of the Complaint are not immaterial, impertinent or scandalous. If true, they would tend to help establish Plaintiff's claim of a sexually hostile working environment. Therefore, the allegations in Paragraph 87 will not be stricken.

As Plaintiff has explained, the allegations in Paragraph 88 are included to explain Plaintiff's inability or failure to take advantage of preventive or corrective opportunities provided by her employer in regards to a sexually hostile working environment. This issue will be relevant to the Defendant City of Taos' liability (assuming Plaintiff is able to establish a hostile working environment based upon gender) because it goes to the affirmative defense available to the municipality. *See*, *Burlington Industries v. Ellerth*, 542 U.S. 742, 765 (1998). Drawing all reasonable inferences from the Plaintiff's allegations, the Court construes the Complaint as

alleging that Plaintiff was unable to effectively use the normal channels of reporting Title VII violations because the alleged harrasser and her immediate supervisor, to whom she would normally report such violations, were involved in an intimate relationship themselves.  Therefore, the Motion to Strike the allegations of Paragraph 88 will be denied.

The Court also denies the Defendants' Motion in the alternative to dismiss Count I to the extent it rests on the allegations contained in Paragraphs 87 and 88.

IT IS SO ORDERED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE